**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| ELIZABETH DALY,<br><br>        Plaintiff,<br> v.<br><br>UNITED AIRLINES, INC. d/b/a<br>COMMUTAIR and CHAMPLAIN<br>ENTERPRISES INC. d/b/a COMMUTAIR,<br><br>        Defendants. | 3:17-cv-00977 (CSH)<br><br><br>**AUGUST 16, 2017** |

**RULING ON PLAINTIFF'S MOTION TO REMAND**

**HAIGHT, Senior District Judge:**

On June 13, 2017, Defendants United Airlines Inc., d/b/a Commutair ("United") and Champlain Enterprises Inc. d/b/a Commutair ("Champlain"), filed a Notice of Removal removing this action from the Connecticut Superior Court, Judicial District of Hartford to this District. Doc. 1. Defendants removed the action pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. *Id.* at 1. Plaintiff then filed on July 11, 2017, a Motion to Remand the action and a Memorandum of Law in Support of its Motion. Doc. 13. Defendants objected and opposed the Motion. Doc. 15. This Ruling resolves Plaintiff's Motion to Remand.

**I.    Factual Background**

Plaintiff initiated this action in Connecticut Superior Court on or about June 7, 2017. Doc. 1 ¶ 1. A copy of the Summons and Complaint were served upon the Defendants on or about May 26, 2017. *Id.* ¶ 6. It is a negligence action in which Plaintiff seeks damages for losses arising after emergency landing by an airplane on June 5, 2015. *Id.* ¶ 2; Doc. 1 Ex. B (the "Compl.") ¶¶ 4-8.

Plaintiff's Complaint consists of two negligence causes of action, the first against United and the second against Champlain. *See* Compl. at 1, 4. Plaintiff alleges that the passengers, including Plaintiff, were required to jump out of the rear door of the airplane and onto the tarmac. Doc. 1 ¶ 2; Complaint ¶ 8. The Complaint alleges that Plaintiff sustained "serious physical injuries, some or all of which may be permanent," including a "sustained right knee strain/sprain, lumbar strain/sprain, loss of range of motion in the affected areas, physical and mental pain and suffering, and shock and fright to her nervous system." Compl. ¶ 12; *see also* Doc. 1 ¶ 3. Plaintiff also alleges that she has "sustained economic damages of lost wages" as well as past and future medical bills in addition to past and future non-economic damages of "physical and mental pain and suffering, physical impairment and/or disability, and loss of enjoyment of life's activities." Compl. ¶¶ 13-14; *see also* Doc. 1 ¶ 3. Plaintiff's "Statement of Amount in Demand" was for an amount greater than $15,000, exclusive of costs and interest. Compl. at 9.

Defendants filed a Notice of Removal on June 13, 2017. Doc. 1. Defendants attached the Summons, Complaint, and Return of Service as Exhibits to this Notice. Doc. 1 ¶ 1. Defendants allege that this Court has jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the action involves citizens of different states. *Id.* ¶ 9. Defendants state that the Complaint alleges Plaintiff suffered severe and permanent injuries as a result of being required to jump from the plane to the tarmac, and that Plaintiff made a "formal demand" in excess of $75,000. *Id.* ¶ 10. Defendants "specifically den[y] that the Plaintiffs are entitled" to that sum, but based on the demand, assert the amount in controversy can reasonably be said to exceed $75,000. *Id.* ¶ 11. According to Defendants, complete diversity exists because Plaintiff is a resident of Connecticut, United is a

Delaware corporation with a principal place of business in Chicago, Illinois, and Champlain is a New York corporation with a principal place of business in South Burlington, Vermont. *Id.* ¶ 12.

On July 11, 2017, Plaintiff filed a Motion to Remand the action with an accompanying Memorandum of Law in Support of its Motion. Doc. 13. Plaintiff while conceding that diversity of citizenship exists, maintains that the amount in controversy fails to exceed the sum or value of $75,000, exclusive of interest and costs, and that Defendants have failed to establish this jurisdictional threshold. Doc. 13-1 at 2. Defendants in opposing this Motion to Remand argues that it has proven the amount in controversy based on the serious allegations in Plaintiff's Complaint and Plaintiff's settlement demand of $171,527.26, well exceeding $75,000. Doc. 15 at 3. Defendants also explained to the Court that Plaintiff's counsel would not agree to stipulate to capping the damages at $75,000. *Id.* at 3 n.1.

## II.    Standard of Review

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." District courts have original jurisdiction over civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and diversity of citizenship exists. 28 U.S.C. § 1332(a). Notice of removal must be filed either within thirty days of receiving a copy of the initial pleading setting forth the claim for relief, or within thirty days of receiving "a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(1) & (3).

"[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy

allegation should be accepted when not contested by the plaintiff or questioned by the court." *Hayes*

*v. Pfizer, Inc.* No. 3:15-cv-1854, 2016 WL 1363623, at *1 (D. Conn. April 6, 2016) (quoting *Dart*

*Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014)) (internal quotation marks

omitted). If, as is the case here, the plaintiff asserts that the amount-in-controversy requirement has

not been met, then "both sides submit proof and the court decides, by a preponderance of the

evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* (quoting *Owens*,

135 S. Ct. at 553) (internal quotation marks omitted). "The party invoking jurisdiction . . . has the

burden of proving that it appears to a 'reasonable probability' that the amount in controversy exceeds

$75,000." *Id.* (citations omitted).[1] The party opposing jurisdiction "must then show 'to a legal

certainty that the amount recoverable does not meet the jurisdictional threshold." *Id.* (citation

omitted); *see also Parola v. Citibank (South Dakota), N.A.*, No. 3:11-cv-1017, 2011 WL 5374146,

at *2 (D. Conn. Nov. 8, 2011) (citing *Scherer v. The Equitable Life Assurance Society*, 347 F.3d 394,

397 (2d Cir. 2003)). Importantly, the party seeking removal "must support its asserted jurisdictional

facts with 'competent proof.'" *Parola*, 2011 WL 5374146, at *2 (quoting *United Food &*

*Commercial Workers Union, Local 919 v. Centermark Props.*, 30 F.3d 298, 305 (2d Cir. 1994)).

Moreover, "federal courts construe the removal statute narrowly, resolving any doubts

---

[1] Congress amended the removal statute in 2011 to explicitly require a finding by a preponderance of the evidence that the amount in controversy exceeds the diversity threshold. *Luce v. Kohl's Dept. Stores Inc.*, 23 F. Supp. 3d 82, 85 n.3 (D. Conn. 2014) (citing 28 U.S.C. § 1446(c)(2)(B) (enacted by Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. No. 112–63, § 103(b)(3)(c), 125 Stat. 758, 760)). "Nomenclature aside, it is unclear that these two standards are functionally different in this context." *Id.* (citing *Amoche v. Guar. Trust Life Ins. Co.*, 556 F.3d 41, 50 (1st Cir. 2009) (noting that "the reasonable probability standard is, to our minds, for all practical purposes identical to the preponderance standard")). Courts in the Second Circuit have continued to use the "reasonable probability" standard while noting that a party seeking removal must establish the jurisdictional requirements by a preponderance of the evidence. *See, e.g.*, *Hayes*, 2016 WL 1363623, at *1.

against removability." *Acorne Prods., LLC v. Tjekanovrian*, No. 14-CV-2179, 2014 WL 3360344, at *3 (E.D.N.Y. July 9, 2014) (quoting *Sherman v. A.J. Pegno Constr. Corp.*, 528 F. Supp. 2d 320, 325 (S.D.N.Y. 2007)) (internal quotation marks omitted). All of the facts in the record at the time of removal may be considered. *Connecticut v. YP Advertising & Publ'g LLC*, No. 3:16-cv-1424, 2017 WL 810279, at *4 (D. Conn. March 1, 2017) (citing *inter alia Luo v. Mikel*, 625 F.3d 772, 776 (2d Cir. 2010)), *denying reconsideration* 2017 WL 124633 (D. Conn. April 3, 2017). All relevant allegations contained in the complaint are also accepted as true. *See Wachtell, Lipton, Rosen & Katz v. CVR Energy, Inc.*, 18 F. Supp. 3d 414, 416 n.2 (S.D.N.Y. 2014). In order to determine whether the amount in controversy, courts must first look to the plaintiff's complaint and then to the defendants' petition for removal. *Arter v. Pathmark Stores, Inc.*, No. 14-cv-6933, 2014 WL 7426792, at *1 (E.D.N.Y. Dec. 31, 2014) (citing *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F. 3d 291, 296 (2d Cir. 2000)); *see also Price v. PetSmart, Inc.*, 148 F. Supp. 3d 198, 200-01 (D. Conn. 2015). "If those documents are inconclusive, courts 'may look outside those pleadings to other evidence in the record.'" *Arter*, 2014 WL 7426792, at *1 (quoting *CenterMark Props.*, 30 F.3d at 304-05). Courts may consider a settlement offer made prior to removal, but this is "only one factor to consider in assessing the amount in controversy" and "courts must consider the context in which such a settlement demand was made." *Vermande v. Hyundai Motor America, Inc.*, 352 F. Supp. 2d 195, 202-03 (D. Conn. 2004) (collecting cases).

## III. Discussion

Here, both the Notice of Removal and Plaintiff's Motion to Remand were timely. *See* 28 U.S.C. § 1446(b).[2] Plaintiff also concedes and does not challenge that diversity of citizenship exists.

---

[2] Neither party challenges either of these as untimely.

Doc. 13-1 at 2.  Plaintiff challenges removal solely on the basis that Defendant has not established

by a preponderance of the evidence that the amount in controversy is in excess of $75,000.  *See id.*

Plaintiff's Complaint asserts that she has "sustained serious physical injuries, some or all of

which may be permanent in nature."  Compl. ¶ 12.  Plaintiff claims to have suffered "sustained

economic damages of lost wages" to have spent, or in the future will continue to spend, "sums of

money for hospitals, doctors, physical therapy and surgery, all to her further loss and damage"and

certain "non-economic damages."  *Id.* ¶ 13-14.[3]  Plaintiff's Complaint, however, does not explicitly

state a demand an amount in controversy in excess of $75,000.  Instead, in compliance with

Connecticut law, Plaintiff's Complaint in its prayer for relief seeks "money damages" and Plaintiff's

"Statement of the Amount in Demand" reflects only that the amount in controversy exceeds $15,000.

*See* Conn. Gen. Stat. § 52-91 (requiring that where money damages are sought the demand for relief

must set forth, as one option, only "[t]hat the amount, legal interest or property in demand is fifteen

thousand dollars or more, exclusive of interest and costs"); *see also Luce.*, 23 F. Supp. 3d at 84-85

("Indeed, state court plaintiffs in Connecticut need not allege damages with particularity . . .

Connecticut law requires a plaintiff to allege no more than the amount in demand exceeds $15,000."

(citations omitted)).  Thus, it is not clear from the face of the Complaint that the amount in

controversy exceeds $75,000.

Defendants' Notice of Removal reflects only that Plaintiff "made a formal demand, seeking

---

[3] Plaintiff's Complaint contains only these boilerplate allegations regarding these serious, and potentially permanent injuries, and the Complaint does not, in any way, specify the particular extent of any specific injury or the dollar amount of the loss suffered as a result. *See Noguera v. Bedard*, No. 11-CV-4893, 2011 WL 5117598, at *3 (E.D.N.Y. Oct. 26, 2011) (holding that similar boilerplate allegations failed to specify "the particular extent of any injury" or assign any dollar amount, and that Defendants had then failed to particularize or amplify "in any way the extent of plaintiff's injuries or damages").

damages in excess of the jurisdictional requirement," and that this prompted Defendants to remove the action. Doc. 1 ¶¶ 4, 10. The Notice of Removal does not reflect what the amount demanded was or even when it was made. The "formal demand" is not separately attached as evidence. Defendants' response to Plaintiff's Motion to Remand the action clarifies a little bit of this confusion stating that this "formal demand" was a settlement offer of $171,527.26 and it was made prior to the Complaint even being filed. Doc. 15 at 3-4. However the demand, or even any affidavit or evidence describing the demand, is not attached to either Defendants' response or Notice of Removal. Although Plaintiff does not appear to contest that such a demand was made, there is absolutely no evidence in the record before the Court as to how Plaintiff arrived at this specific number,[4] when and how Plaintiff made the demand, or even what claims Plaintiff was valuing when Plaintiff made the demand since it occurred prior to the filing of the Complaint.[5]

More importantly, this Court has recognized that "[a] settlement offer should not necessarily be determinative of the amount in controversy," but rather should be considered as "only one factor" and that courts "must consider the context in which such a settlement demand was made." *Vermande*, 352 F. Supp. 2d at 202. Defendants have the burden to prove that the jurisdictional amount has been met by a preponderance of the evidence, and must use competent proof to do so.

---

[4] The fact that the number is so specific as to include cents leads the Court to believe that some valuation was likely done breaking down Plaintiff's damages, which may have been shared with Defendants and would be useful to the Court.

[5] Plaintiff provides some limited additional context about the settlement offer in its Motion to Remand, stating that Plaintiff tendered it to "resolve the case in the context of initiating settlement negotiations, and fleshing out Defendant's position with regard to case value while, at the same time, providing ample latitude to negotiate downward." Doc. 13-1 at 3. Accordingly, Plaintiff would have the Court assess little value to its demand and instead emphasize that Defendants tendered an initial offer of just $35,000, an amount well below the jurisdictional threshold. *Id.* at 3-4. Plaintiff submits no evidence related to these discussions.

*See Hayes*, 2016 WL 1363623, at *1(quoting *Owens*, 135 S. Ct. at 553); *see also* 28 U.S.C. §

1446(c)(2)(B). Given the record before the Court and the lack of any evidence relating to the

"formal demand," which is the only evidence that provides any valuation as to Plaintiff's negligence

claims, Defendants have not met that burden. The Court must grant Plaintiff's Motion to Remand

and remand this case back to state court.

Although a number of cases have allowed a demand or settlement letter to be considered in

determining the amount in controversy, the underlying demand letter in each of these cases was

submitted as evidence and the context of the offers was clear in the record. *See Charity v. Am.*

*Airlines, Inc.*, No. 3:08-cv-1532, 2008 WL 4874076, at *1 (D. Conn. Nov. 10, 2008) (holding that

where a demand letter sought $175,000 it properly provided grounds for removal and satisfied the

court that the jurisdictional amount existed at the time of removal); *Allen v. Ruby Tuesday, Inc.*, No.

3:06-cv-149, 2006 WL 2790431, at *2-3 (D. Conn. Sept. 26, 2006) (holding that where plaintiff

claimed serious injuries, including pelvic fractures and permanent injuries, and plaintiff demanded

as evidenced by a letter $181,400 to settle the claim, jurisdiction was properly established); *see also*

*Vermande*, 352 F. Supp. 2d at 202-03 (considering a settlement offer sent by facsimile in

considering the amount in controversy).[6] Here, without any evidence of the demand or context in

which to evaluate the demand, the Court cannot make a finding that by the preponderance of the

evidence the amount in controversy exceeds $75,000. Moreover, the Court must construe the

---

[6] The same distinction holds true for the Tenth Circuit case relied upon by Defendants in its opposition. Doc. 15 at 2 (citing *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008)). In that case, the court considered evidence of correspondence between counsel where plaintiff's counsel valued the claim in excess of $75,000 and the court considered that the allegations in the complaint may alone have been specific enough to support establishing jurisdiction given the injury asserted and the type of damages possible. *McPhail*, 529 F.3d at 956-57.

removal statute narrowly and resolve any doubts in favor of remand. *See Acorne Prods., LLC*, 2014

WL 3360344, at *3 (quoting *Sherman*, 528 F. Supp. 2d at 325). This further supports the Court's

conclusion that Defendants have not met their burden here.

In addition, Plaintiff has submitted some evidence that the amount in controversy may in fact

be far less than $75,000.[7] Plaintiff alleges that she has now completed treatment for the injuries that

she claims, and at the time of removal, only expended a total of $4,127.26 in medical costs,

including physical therapy treatments. Doc. 13-1 at 4-5; Ex. A. In fact, contrary to allegations in

her Complaint, she also has not missed any time from work as a result of those injuries. Doc. 13-1

at 4-5; Ex. B. Plaintiff includes, as supporting evidence, a signed record from Plaintiff's physician

assigning Plaintiff an 8% permanent partial disability rating, a portion of which resulted from a prior

injury that the emergency landing substantially exacerbated. Doc. 13-1 at 5; Ex. C. The doctor also

opined that Plaintiff has a 33% chance of needing a future lumbar disc arthroplasty or a lumbosacral

fusion procedures. Ex. C.[8] The Court does not need to rely on this limited evidence to grant

---

[7] Plaintiff also asserts that Defendants, in their Notice of Removal, voluntarily admitted that the amount in controversy does not exceed the $75,000 threshold. Doc. 13-1 at 4. Defendants deny that this is the case, responding that they were merely denying liability in the case and that a defendant is not required to admit to liability in excess of $75,000 in order to remove the case. Doc. 15 at 3-4. The Court agrees with Defendants. The statement in Defendants' Notice of Removal at issue is in full: "Although the Defendant[s] specifically den[y] that the Plaintiffs [sic] are entitled to the above sum, the amount in controversy requirement is due to the fact that the potential compensatory damage award exceeds $75,000." Doc. 1 ¶ 11. This can only be read as a denial of liability, not a "judicial admission," as Plaintiff has characterized it, that the amount in controversy is not $75,000.

[8] According to Defendants' opposition, Plaintiff, however, has refused to stipulate to capping her damages at $75,000. Doc. 15 at 3 n.1. Although the Court has found several cases where a refusal to so stipulate has weighed against any "good faith" contention that a plaintiff's damages are less than $75,000, *see, e.g.*, *Felipe v. Target Corp.*, 572 F. Supp. 2d 455, 459 (S.D.N.Y. 2008), the Court declines to do so here where Plaintiff has submitted evidence that its damages may be much lower than the jurisdictional amount and no other evidence exists demonstrating that the amount in

Plaintiff's Motion because Defendants have not met their burden.  However, the evidence does add some support in that it at least describes Plaintiff's injuries more fully than the boilerplate language offered by her Complaint,[9] and the evidence demonstrates that the amount in controversy may be far less than the jurisdictional amount.

The Court's decision to grant Plaintiff's Motion to Remand does not leave the Defendants without recourse.  The "formal demand" was made by Plaintiff prior to ever filing the Complaint.  As such, it does not start the thirty-day time period in which Defendants have to remove the action.  *See Veneziano v. Wal-Mart, Inc.*, No. 3:07-cv-526, 2007 WL 1810531, at *1 (D. Conn. June 19, 2007) (holding that the thirty-day time period did not start until after defendant received an amended complaint and discovery responses indicating that damages would likely exceed the jurisdictional amount despite the fact that defendant received a demand letter for more than the jurisdictional amount prior to the filing of the case).  Should it become clear through discovery, or otherwise, that the amount in controversy exceeds $75,000, Defendants may file again in a timely manner to remove the case to federal court.  Defendants must support any such removal with adequate evidence about the amount in controversy.

In conclusion, Defendants have failed to demonstrate to the Court that the amount in controversy exceeds the jurisdictional amount of $75,000.  Thus, this Court lacks jurisdiction and must remand this case.  While Plaintiff's Motion to Remand was pending, UTC/Pratt and Whitney

---

controversy exceeds that amount, *see Noguera*, 2011 WL 5117598, at *2 (distinguishing *Felipe*, 572 F. Supp. 2d at 459 and holding that a refusal to so stipulate is "insufficient to establish the amount in controversy required by the removal and diversity statutes").

[9] The evidence may also ultimately require Plaintiff to amend her Complaint as the Complaint clearly alleges damages for wages already lost and no such wages have in fact been lost.

filed a Motion to Intervene as plaintiffs. Having concluded that Plaintiff's Motion to Remand must

be granted, the Court denies this currently pending [Doc. 16] Motion to Intervene as moot.[10]

## IV.    Conclusion

For the reasons set forth herein, this Court hereby REMANDS this action to the Connecticut

Superior Court, Judicial District of Hartford, and DENIES the pending [Doc. 16] Motion to

Intervene filed by UTC/Pratt and Whitney as moot. The Clerk is directed to close the file in this

Court.

**It is SO ORDERED.**

**Dated: New Haven, Connecticut**
       **August 16, 2017**


                                        ___/s/  Charles S. Haight, Jr._____
                                        **CHARLES S. HAIGHT, JR.**
                                        **SENIOR UNITED STATES DISTRICT JUDGE**

---

[10] If this action had not been remanded, and the Court had to decide UTC/Pratt and Whitney's motion to intervene as a Co-Plaintiff, the citizenship of the Intervenor may have to be considered in the context of assessing this Court's jurisdiction. Given the conclusion to remand stated in text, the Court does not reach this particular issue.